FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 19, 2016

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES EARL WHITE,<br><br>    Plaintiff,<br><br> vs.<br><br>CAROLYN W. COLVIN,<br><br>Acting Commissioner of Social Security,<br><br>    Defendant. | No. 2:14-CV-00334-MKD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 24, 32 |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 24, 32. The parties consented to proceed before a magistrate judge. ECF No. 7. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court denies Plaintiff's motion (ECF No. 24) and grants Defendant's motion (ECF No. 32).

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

1  ALJ's decision on account of an error that is harmless." *Id.*  An error is harmless

2  "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

3  *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's

4  decision generally bears the burden of establishing that it was harmed.  *Shineski v.*

5  *Sanders*, 556 U.S. 396, 409-410 (2009).

6  **FIVE-STEP EVALUATION PROCESS**

7  A claimant must satisfy two conditions to be considered "disabled" within

8  the meaning of the Social Security Act.  First, the claimant must be "unable to

9  engage in any substantial gainful activity by reason of any medically determinable

10  physical or mental impairment which can be expected to result in death or which

11  has lasted or can be expected to last for a continuous period of not less than twelve

12  months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be

13  "of such severity that he is not only unable to do his previous work[,] but cannot,

14  considering his age, education, and work experience, engage in any other kind of

15  substantial gainful work which exists in the national economy."  42 U.S.C. §

16  1382c(a)(3)(B).

17  The Commissioner has established a five-step sequential analysis to

18  determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §

19  416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work

20  activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

gainful activity," the Commissioner must find that the claimant is not disabled.  20

C.F.R. § 416.920(b).

     If the claimant is not engaged in substantial gainful activity, the analysis

proceeds to step two.  At this step, the Commissioner considers the severity of the

claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

"any impairment or combination of impairments which significantly limits [his or

her] physical or mental ability to do basic work activities," the analysis proceeds to

step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

this severity threshold, however, the Commissioner must find that the claimant is

not disabled.  20 C.F.R. § 416.920(c).

     At step three, the Commissioner compares the claimant's impairment to

severe impairments recognized by the Commissioner to be so severe as to preclude

a person from engaging in substantial gainful activity.  20 C.F.R. §

416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

enumerated impairments, the Commissioner must find the claimant disabled and

award benefits.  20 C.F.R. § 416.920(d).

     If the severity of the claimant's impairment does not meet or exceed the

severity of the enumerated impairments, the Commissioner must pause to assess

the claimant's "residual functional capacity."  Residual functional capacity (RFC),

defined generally as the claimant's ability to perform physical and mental work

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

1   activities on a sustained basis despite his or her limitations, 20 C.F.R. §

2   416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

3          At step four, the Commissioner considers whether, in view of the claimant's

4   RFC, the claimant is capable of performing work that he or she has performed in

5   the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is

6   capable of performing past relevant work, the Commissioner must find that the

7   claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of

8   performing such work, the analysis proceeds to step five.

9          At step five, the Commissioner considers whether, in view of the claimant's

10  RFC, the claimant is capable of performing other work in the national economy.

11  20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner

12  must also consider vocational factors such as the claimant's age, education and

13  past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of

14  adjusting to other work, the Commissioner must find that the claimant is not

15  disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to

16  other work, analysis concludes with a finding that the claimant is disabled and is

17  therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

18         The claimant bears the burden of proof at steps one through four above.

19  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

20  step five, the burden shifts to the Commissioner to establish that (1) the claimant is

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

1  capable of performing other work; and (2) such work "exists in significant

2  numbers in the national economy."  20 C.F.R. § 416.920(c)(2); *Beltran v. Astrue*,

3  700 F.3d 386, 389 (9th Cir. 2012).

### ALJ'S FINDINGS

5  Plaintiff applied for supplemental security income disability benefits on

6  December 23, 2010, alleging a disability onset date (as amended) of July 1, 2012.

7  Tr. 64, 191-96.  The application was denied initially, Tr. 141-44, and on

8  reconsideration, Tr. 145-47.  Plaintiff appeared at a hearing before an

9  administrative law judge (ALJ) on March 20, 2013.  Tr. 62-103.  On April 11,

10  2013, the ALJ denied Plaintiff's claim.  Tr. 34-46.

11  At step one, the ALJ found that Plaintiff has not engaged in substantial

12  gainful activity since the amended alleged onset date, July 1, 2012.  Tr. 37.  At

13  step two, the ALJ found that Plaintiff has the following severe impairments:

14  cervical and lumbar degenerative disc disease; a history of thoracic outlet

15  syndrome and bilateral cervical rib removal; bilateral knee pain with lateral

16  placement of the patella; degenerative joint disease of the shoulders; pain disorder;

17  dysthymic disorder; personality disorder; and alcohol abuse.  Tr. 37.  At step three,

18  the ALJ found that Plaintiff does not have an impairment or combination of

19  impairments that meets or medically equals a listed impairment.  Tr. 37.  The ALJ

20  then concluded that Plaintiff has the following RFC:

to perform light work as defined in 20 C.F.R. § 416.967(b), except the [Plaintiff] can only occasionally balance, stoop, crouch, kneel, crawl, and climb ramps and stairs.  He can never climb ladders, ropes, or scaffolds.  Mentally, the [Plaintiff] can understand, remember, and carry out short, simple instructions; and perform simple, routine, repetitive tasks and well-learned detailed tasks.  He can have only superficial contact with coworkers and the public.

Tr. 39.  At step four, the ALJ found that Plaintiff is unable to perform his past relevant work.  Tr. 44, 91.  At step five, relying on a vocational expert's testimony, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs in significant numbers in the national economy that Plaintiff could perform, such as electronics assembly worker, production inspector table worker, and housekeeper/cleaner.  Tr. 44-45.  On that basis, the ALJ concluded that Plaintiff is not disabled as defined in the Social Security Act.  Tr. 45-46, 92-93.

On August 15, 2014, the Appeals Council denied review, Tr. 10-15, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act.  ECF No. 24.  Plaintiff raises the following four issues for this Court's review:

1. Whether the ALJ properly discredited Plaintiff's symptom claims;

2. Whether the ALJ properly weighed the medical opinion evidence,

resulting in a supported residual functional capacity assessment;

3. Whether evidence submitted for the first time to the Appeals Council

undermines the ALJ's decision; and

4. Whether the ALJ's step five finding is supported.

ECF No. 24 at 1.

**DISCUSSION**

**A.      Adverse Credibility Finding**

First, Plaintiff faults the ALJ for failing to provide specific findings with

clear and convincing reasons for discrediting his symptom claims.  Specifically,

Plaintiff contends the ALJ erroneously found him not credible based upon his

activities of daily living and receipt of unemployment benefits, ECF No. 24 at 17-

18, which are two of the four grounds on which the ALJ relied in making the

adverse finding.

An ALJ engages in a two-step analysis to determine whether a claimant's

testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must

determine whether there is objective medical evidence of an underlying

impairment which could reasonably be expected to produce the pain or other

symptoms alleged."  *Molina*, 674 F.3d at 1112 (internal quotation marks omitted).

"The claimant is not required to show that [his] impairment could reasonably be

expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Id.* (quoting *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases. *Garrison v. Colvin,* 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

In making an adverse credibility determination, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

1    daily living activities; (4) the claimant's work record; and (5) testimony from

2    physicians or third parties concerning the nature, severity, and effect of the

3    claimant's condition. *Thomas,* 278 F.2d at 958-59.

4        This Court finds the ALJ provided specific, clear, and convincing reasons

5    for finding Plaintiff's "allegation that he cannot work lacks credibility." Tr. 42.

6    Contrary to Plaintiff's argument, the ALJ did not rely solely on daily activities and

7    receipt of unemployment benefits in discrediting his testimony. Indeed, these

8    factors were among those he relied on, however, the ALJ made additional specific

9    findings to support the credibility determination, which Plaintiff did not challenge.

10        *1. Complaints Inconsistent with the Ability to Perform SGA*

11        First, the ALJ found that Plaintiff alleged that his pain has been persistent

12    for years, which was inconsistent with Plaintiff's ability to perform substantial

13    gainful activity in the past. Tr. 42. An ALJ may support his credibility finding by

14    reviewing a number of factors, including the claimant's work record. *See Smolen*

15    *v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) ("In evaluating the credibility of the

16    symptom testimony, the ALJ must also consider the factors set out in S.S.R. 88-

17    13. . . Those factors include the claimant's work record . . .") (citation omitted).

18        For example, the ALJ noted that two months before the amended disability

19    onset date, in May 2012, Plaintiff reported a long history of chronic back pain.

20    Specifically, the ALJ noted Plaintiff's statements to his medical providers.

Plaintiff told Dr. Angell on May 14, 2012, that he has been having "chronic [back] pain for many years, waxing and waning, but has not had this type of pain previously." Tr. 42 (referring to Tr. 814). Plaintiff described the lower back and right flank pain as "piercing, sharp and shooting." Tr. 814. However, the ALJ noted this appointment occurred during the six-month period that Plaintiff worked full time as a car salesman, which constituted substantial gainful activity. Tr. 42. By definition, limitations that do not prevent substantial gainful activity are not disabling. Significantly, Plaintiff fails to challenge this basis for the adverse credibility determination, meaning any objection is waived. *See Carmickle v. Comm'r of Soc. Sec. Admin.,* 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008). This was a clear and convincing reason to discredit Plaintiff's symptom complaints.

### 2. *Lack of Objective Medical Evidence*

Second, the ALJ found that Plaintiff's complaints are not supported by the objective medical evidence. Tr. 42. "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

The ALJ found, for example, that Plaintiff's allegation that he cannot be on his feet for long periods of time is not supported by any objective findings in the

record.  Tr. 42.  Here, Plaintiff alleged he is unable to work because of

degenerative disc disease, weakness, joint pain, seizures and depression.  Tr. 40

(citing Tr. 250).  However, many records before and after onset show full motor

strength, normal gait and intact sensation.  *See, e.g.*, Tr. 403 (strength is 5/5,

pinprick sensation is intact); Tr. 410 (normal gait, leg strength 5/5); Tr. 591

(strength 5/5, straight leg raising is negative bilaterally, absent vibratory sensation

over the right thigh but intact everywhere else); Tr. 658-59 (normal gait, sensation

intact, no specific muscle weakness found); Tr. 668 (sensation intact, gait and

station normal); Tr. 696-97 (lower extremity strength is normal); Tr. 701-02 (lower

extremity strength normal); Tr. 815 (heel and toe raising intact); and Tr. 945

(pulses normal, strength 5/5).  Plaintiff has not challenged this basis for the

credibility determination, meaning any objection is waived.  *See Carmickle*, 533

F.3d at 1161 n. 2.  Here, the ALJ's finding that Plaintiff's complaints of disabling

limitations were inconsistent with the objective medical evidence and examination

findings is supported by substantial evidence.

### 3.  Unemployment Benefits

Third, the ALJ discredited Plaintiff's symptom complaints due to Plaintiff's

receipt of unemployment benefits during a period in which he alleged disability.

Tr. 42.  Specifically, the ALJ found that accepting unemployment benefits during

the relevant period "indicates that the claimant presented himself as able and

willing to work, which contradicts his allegation that he has been disabled." Tr.

42.  While receipt of unemployment benefits can undermine a claimant's alleged

inability to work fulltime, *see Carmickle*, 533 F.3d at 1161-62, here, the record

here does not establish whether Plaintiff held himself out as available for full-time

or part-time work.  *See* Tr. 69 (Plaintiff testified he is doing "pretty much the

minimum, the letter of what he is supposed to do" in terms of applying for jobs.").

Only the former is inconsistent with his disability allegation.  *See Carmickle*, 533

F.3d at 1161-62.  This basis for the ALJ's adverse credibility finding is not

supported by substantial evidence.

### 4.  *Daily Activities*

Fourth, the ALJ found that Plaintiff's daily activities are consistent with a

light level of activity and are "directly contradictory" to Plaintiff's allegations that

he in unable to work.  Tr. 42.

A claimant's reported daily activities can form the basis for an adverse

credibility determination if they consist of activities that contradict the claimant's

"other testimony" or if those activities are transferable to a work setting.  *Orn v.

Astrue*, 495 F.3d 625, 639 (9th Cir. 2007); *see also Fair v. Bowen*, 885 F.2d 597,

603 (9th Cir. 1989) (daily activities may be grounds for an adverse credibility

finding "if a claimant is able to spend a substantial part of his day engaged in

pursuits involving the performance of physical functions that are transferable to a

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

work setting."). "While a claimant need not vegetate in a dark room in order to be

eligible for benefits, the ALJ may discredit a claimant's testimony when the

claimant reports participation in everyday activities indicating capacities that are

transferable to a work setting" or when activities "contradict claims of a totally

debilitating impairment." *Molina*, 674 F.3d at 1112-13 (internal quotation marks

and citations omitted).

Here, the ALJ found that Plaintiff's activities of daily living diminished the

credibility of Plaintiff's allegations. Tr. 42. The ALJ noted that Plaintiff's

"function report indicates that he is able to maintain his own personal care, prepare

meals, do housework, leave the house daily, use public transportation, shop for

food and clothing, watch television, and attend church services." Tr. 42 (citing Tr.

265-70). The ALJ further observed that Plaintiff "testified that he was able to live

by himself, read, write, and perform simple math. He also reiterated that he could

perform light cleaning, watch television, and shop for groceries." *Id*. (citing Tr.

67, 76, 79).

In sum, the ALJ found that Plaintiff's ability to live alone, perform

household chores, leave the house daily, ride the bus, shop, watch television, play

with and walk his dog daily, and attend church services is inconsistent with

claimed disabling limitations and suggests greater levels of functioning than

Plaintiff has alleged. Tr. 42, *see also* Tr. 627. The evidence of Plaintiff's daily

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

activities in this case may be interpreted more favorably to the Plaintiff, however, such evidence is susceptible to more than one rational interpretation, and therefore the ALJ's conclusion must be upheld. *See Burch*, 400 F.3d at 679. Here, Plaintiff's daily activities were reasonably considered by the ALJ to be inconsistent with the Plaintiff's allegations of disabling functional limitations.

The ALJ's reliance on Plaintiff's receipt of unemployment benefits, on this record, was harmless error. Here, the ALJ cited other properly supported reasons for discrediting Plaintiff. The Court finds the error is harmless "because the ALJ's remaining reasoning and ultimate credibility determination were adequately supported by substantial evidence in the record." *See Carmickle*, 533 F.3d at 1162 (citing *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)).

## B.    Medical Evidence and RFC Determination

Next, Plaintiff faults the ALJ for discounting the opinions of treating physician Nathan Stime, M.D.; examining psychologist W. Scott Mabee, Ph.D.; examining physician William Shanks, M.D.; and examining physician Ethan Angell, M.D. ECF No. 24 at 8-16. Plaintiff also faults the ALJ for giving "great weight" to the opinions of reviewing doctors Laurence Ligon, M.D.; and Norman Staley, M.D. ECF No. 24 at 16-17. Plaintiff contends that these failure resulted in

1    an RFC assessment that was not supported by substantial evidence.  ECF No. 24 at

2    1, 7-17.

3         There are three types of physicians: "(1) those who treat the claimant

4    (treating physicians); (2) those who examine but do not treat the claimant

5    (examining physicians); and (3) those who neither examine nor treat the claimant

6    [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

7    *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001) (internal citations

8    omitted).  Generally, a treating physician's opinion carries more weight than an

9    examining physician's, and an examining physician's opinion carries more weight

10   than a reviewing physician's.  *Id*.  In addition, the regulations give more weight to

11   opinions that are explained than to those that are not, and to the opinions of

12   specialists concerning matters relating to their specialty over that of nonspecialists.

13   *Id*. (citations omitted).

14        If a treating or examining physician's opinion is uncontradicted, an ALJ may

15   reject it only by offering "clear and convincing reasons that are supported by

16   substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

17   "However, the ALJ need not accept the opinion of any physician, including a

18   treating physician, if that opinion is brief, conclusory and inadequately supported

19   by clinical findings."  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

20   (9th Cir. 2009) (internal quotation marks and brackets omitted).  "If a treating or

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16

examining doctor's opinion is contradicted by another doctor's opinion, an ALJ

may only reject it by providing specific and legitimate reasons that are supported

by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81

F.3d at 830–31)).  An ALJ may also reject a treating physician's opinion which is

"based to a large extent on a claimant's self-reports that have been properly

discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir.

2008) (internal quotation and citation omitted).

The residual functional capacity (RFC) is the most someone can do despite

their mental and physical limitations.  *Berry v. Astrue*, 622 F.3d 1228, 1233 (9th

Cir. 2010); C.F.R. § 416.945(a)(1).  In determining a claimant's RFC, the ALJ

must base his findings on "all of the relevant medical and other evidence." 20

C.F.R. § 416.945(a)(3).

### 1. *Dr. Stime and Dr. Mabee*

Plaintiff faults the ALJ for failing to consider the opinions of Dr. Stime and

Dr. Mabee.  In 2008, Dr. Stime evaluated Plaintiff and noted complaints of

cervical, lumbar and bilateral shoulder pain.  Tr. 64, 437-40.  Plaintiff had not

undergone any treatment and was presently seeing a neurosurgeon.  Tr. 438.

Plaintiff alleges Dr. Stime's restrictions with respect to bending, handling,

kneeling, reaching, stooping and heavy lifting "is significant and probative as it

1  corroborates the existence of Plaintiff's disabling impairments."  ECF No. 24 at 9

2  (referring to Tr. 437-40).

3         In February 2008, Dr. Mabee evaluated Plaintiff and opined Plaintiff's mood

4  and pain disorders will affect social interactions; his disordered personality

5  features will likely affect his ability to communicate with others in a productive

6  manner; and his judgment abilities appeared to be in the somewhat low average

7  range due to mental illness.  Tr. 313-17.

8         An ALJ is to consider all relevant evidence and is responsible for resolving

9  conflicts in the evidence.  20 C.F.R. §§ 404.1527, 416.927.  In assessing medical

10 evidence, the ALJ "need not discuss all evidence presented" to the ALJ, rather, the

11 ALJ "must explain why significant probative evidence has been rejected."  *Vincent*

12 *v. Heckler*, 739 F.2d 1393, 1394-1395 (9th Cir. 1984).  Here, the ALJ was not

13 required to discuss and reject Dr. Stime or Dr. Mabee's medical opinions because

14 they were not significant probative evidence of Plaintiff's functioning during the

15 relevant period.

16        First, "[m]edical opinions that predate the alleged onset of disability are of

17 limited relevance."  *Carmickle*, 533 F.3d at 1165.  Dr. Stime's and Dr. Mabee's

18 medical opinions, rendered four years before the onset, are neither material to nor

19 probative of Plaintiff's work-related limitations that existed as of July 2012.

20

21 ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
   GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 18

Moreover, medical opinions that are inconsistent with substantial gainful activity are of limited relevance. *See, e.g., Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989) (rejecting treating physician's opinion of disability because plaintiff was engaged in substantial gainful activity during the time frame of the opinion); *see also Carmickle*, 533 F.3d at 1165 (ALJ did not err in discrediting opinion given before alleged onset of disability at a time when Plaintiff was working). While Dr. Stime's and Dr. Mabee's opinions may have provided an accurate picture of Plaintiff's functioning in 2008, they were inconsistent with Plaintiff's functional ability to work for six months in 2012 at SGA levels.

Finally, an unappealed denial of an application for disability benefits operates as *res judicata* as to the finding of non-disability through the date of the prior decision. The principles of *res judicata* apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings. *Vasquez*, 572 F.3d at 597; *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988) (citing *Lyle v. Secretary of Health and Human Servs.*, 700 F.2d 566, 568 n. 2 (9th Cir. 1983)). Plaintiff's prior disability application was denied in February 2010. Tr. 64. *Res judicata* attaches to the earlier decision that found Plaintiff was not disabled before February 2010. Thus, the ALJ was not required to consider the opinions by Dr. Stime and Dr. Mabee which were rendered prior to the 2010 finding of non-disability.

1  *2.  Dr. Shanks*

2      Next, Plaintiff contends that the ALJ improperly discounted the medical

3  opinion of Dr. Shanks.  ECF No. 24 at 10-14.  Dr. Shanks examined Plaintiff in

4  November 2011 and opined that Plaintiff was significantly limited in his activity

5  and was not capable of "labor type jobs."  Tr. 42 (citing Tr. 657-660; 663-665).

6  Dr. Shanks indicated that Plaintiff would need to sit for most of the day with brief

7  periods of walking and standing.  Tr. 663.  He further stated that Plaintiff had

8  postural and fine and gross motor restrictions and could lift up to twenty pounds

9  and frequently lift ten pounds.  *Id*.  The ALJ granted little weight to Dr. Shanks'

10  opinions.  Tr. 42.

11      First, the November 2011 opinion of Dr. Shanks was similarly not probative

12  of Plaintiff's functioning in July 2012 because it was rendered prior to the alleged

13  date of onset of disability.  *See Carmickle*, 533 F.3d at 1165.  Second, the opinion

14  was rendered prior to a period when Plaintiff engaged in substantial gainful

15  activity in 2012, Tr. 657-664.  *See, e.g., Weetman*, 877 F.2d at 23; *see also*

16  *Carmickle*, 533 F.3d at 1165.  Third, as the ALJ noted, Dr. Shanks' opinion was

17  not supported by his own examination.  Tr. 42.  An ALJ may reject any medical

18  opinion that is brief, conclusory, and inadequately supported by clinical findings.

19  *Bayliss*, 427 F.3d at 1216.  The November 2011 examination showed that Plaintiff

20  demonstrated normal gait, full sensation, and full strength.  Tr. 42 (citing Tr. 658-

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 20

59).  The record supports the ALJ's finding that the examination findings were

inconsistent with the severity of limitation assessed by Dr. Shanks.  The ALJ

provided specific and legitimate reasons for rejecting Dr. Shanks' medical

opinions.

### 3.  Dr. Angell

Next, Plaintiff contends that the ALJ improperly discredited the medical

opinion of Dr. Angell.  ECF No. 24 at 10-14.  Dr. Angell opined in March 2012

that Plaintiff's impairments met a listed impairment, which would indicate

disability so clearly established that it is considered *per se* disabling.  Tr. 725.  The

ALJ granted little weight to Dr. Shanks' opinion.  Tr. 42.

First, Dr. Angell's March 2012 opinion was similarly not probative of

Plaintiff's functioning in July 2012 because it was rendered prior to the alleged

date of onset of disability.  *See Carmickle*, 533 F.3d at 1165.  More importantly, it

was rendered at a time when Plaintiff was engaged in substantial gainful activity

by working full time as a car salesman, Tr. 64, 90, 681.  *See, e.g., Weetman*, 877

F.2d at 23; *see also Carmickle*, 533 F.3d at 1165.  Plaintiff's ability to function at

substantial gainful activity level is contradictory to Dr. Angell's conclusion that

Plaintiff met a listed impairment.  Third, the ALJ found that Dr. Angell's opinions

were inconsistent his own examination of Plaintiff.  ALJ may reject any medical

opinion that is brief, conclusory, and inadequately supported by clinical findings.

*Bayliss*, 427 F.3d at 1216.  In January 2012, Dr. Angell observed that Plaintiff was in "no acute distress."  Tr. 671.  In May 2012, just two months after opining Plaintiff's impairment met a listed impairment, Dr. Angell noted that Plaintiff had returned to work.  Also in May 2012, Dr. Angell saw Plaintiff for an injury to his hand caused by using a punching bag.  Tr. 814.  Examination findings were minimal.  For example, no muscle weakness was noted; straight leg raise bilaterally was negative while sitting; and patellar DTRs were very sluggish but symmetrical.  Tr. 815.

Much of the evidence Plaintiff cites as supporting Dr. Angell's opinion consists of Plaintiff's own complaints of pain.  ECF No. 24 at 15 (citing Tr. 670 ("At a subsequent office visit, Plaintiff reported that any regular activities with overhead use of arms cause numbness and tingling in his arms"), Tr. 814 (on May 14, 2012, Plaintiff presented with back and wrist pain)).  An ALJ may reject a treating physician's report which is "based to a large extent on a claimant's self-reports that have been properly discounted as incredible."  *Tommasetti*, 533 F.3d at 1041 (internal quotation and citation omitted).

As indicated, Dr. Angell's opinion that Plaintiff suffers dire limitations, including of listing-level severity (Listing 1.04, disorders of the spine), is refuted by Plaintiff's demonstrated ability to work at SGA levels for six months, including *after* the date Dr. Angell opined Plaintiff's impairment met the severity of a listed

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 22

1    impairment.  The ALJ provided specific and legitimate reasons for rejecting Dr.

2    Angell's medical opinions.

3         Finally, Plaintiff faults the ALJ for giving too much credit to reviewing

4    physicians, Dr. Ligon and Dr. Staley, who assessed an RFC for a range of light

5    work in June and November of 2011, respectively.  Tr. 614-20, 633.

6         The ALJ found these opinions were consistent with Plaintiff's demonstrated

7    ability to work full time for six months, until June 2012, and with the objective

8    medical evidence showing normal strength, gait, and movement throughout the

9    relevant period.  Tr.  43.  Plaintiff alleges the ALJ should not have credited the

10   opinions because these doctors did not benefit from the entire medical record,

11   which made them "stale."  ECF No. 24 at 17.  Plaintiff is correct that the opinion

12   of a nonexamining physician cannot *by itself* constitute substantial evidence that

13   justifies the rejection of the opinion of either an examining or a treating physician.

14   *Lester*, 81 F.3d at 831.  However, as noted, here the ALJ relied on other evidence,

15   including objective medical evidence, exam findings, and Plaintiff's demonstrated

16   ability to work, when the ALJ assessed the medical opinions.

17   **C.    New and Material Evidence**

18        Next, Plaintiff alleges that the "Commissioner erred by failing to adequately

19   consider the new and material evidence submitted to the Appeals Council."  ECF

20   No. 24 at 2.  Plaintiff contends that the evidence presented for the first time to the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 23

Appeals Council warrants a sentence six remand under 42 U.S.C. § 405(g).  ECF

No. 24 at 3-7.  The Defendant counters that neither a sentence four nor sentence six

(of 42 U.S.C. § 405(g)) remand is appropriate in this case.  ECF No. 32 at 5-6.

The Appeals Council will review an ALJ's decision when "the action,

findings or conclusions of the administrative law judge are not supported by

substantial evidence."  20 C.F.R. §§ 404.970(a), 416.1470(b).  When determining

whether review is appropriate, the Appeals Council is required to consider "new

and material evidence . . . only where it relates to the period on or before the date

of the administrative law judge hearing decision."  20 C.F.R. §§ 404.970(b),

416.1470(b).  The Appeals Council "will then review the case if it finds that the

administrative law judge's action, findings or conclusion is contrary to the weight

of the evidence currently of record."  20 C.F.R. §§ 404.970(b), 416.1470(b).

"[Federal courts] do not have jurisdiction to review a decision of the

Appeals Council denying a request for review of an ALJ's decision, because the

Appeals Council decision is a non-final agency action."  *Brewes v. Comm'r of Soc.

Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Instead, when the Appeals

Council declines review, "'the ALJ's decision becomes the final decision of the

Commissioner.'"  *Id.* (citing *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228,

1231 (9th Cir. 2011)).  "[W]hen a claimant submits evidence for the first time to

the Appeals Council, which considers that evidence in denying review of the ALJ's

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 24

decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes*, 682 F.3d at 1159–60; *see also Ramirez v. Shalala*, 8 F.3d 1449, 1451–52 (9th Cir. 1993).

"[I]n determining whether to remand a case in light of new evidence, the court examines both whether the new evidence is material to a disability determination and whether a claimant has shown good cause for having failed to present the new evidence to the ALJ earlier." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001); *see* 42 U.S.C. § 405(g). "To be material under section 405(g), the new evidence must bear "directly and substantially on the matter in dispute." *Id*. (citing *Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir. 1982)). A claimant must also "demonstrate that there is a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *Id. See Booz v. Secretary of Health and Human Services*, 734 F.2d 1378, 1380-81 (9th Cir. 1984). The good cause requirement is satisfied where new evidence surfaces after the Commissioner's final decision that the claimant could not have obtained at the time of administrative proceeding. *Booz*, 734 F. 2d at 1380.

This Court finds the ALJ's ultimate determination, even in light of the new evidence presented, is supported by substantial evidence. Here, the Appeals Council considered the new evidence, in addition to other evidence presented by

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 25

1    Plaintiff after the ALJ hearing, and found the new evidence failed to serve as a

2    basis for reversing the ALJ's decision.  Tr. 10-13.  This Court agrees.

3         Plaintiff alleges that the Appeals Council "erred by failing to analyze the

4    new evidence in this case."  ECF No. 24 at 7, line 16. This is incorrect. The

5    Appeals Council's Order noted that it considered the additional evidence

6    submitted, Tr. 10-11, 14, and it specifically identified that 31 of the "new" records

7    were in fact duplicative of records previously provided.  Tr. 11 (noting that 31

8    pages of the new records were duplicates of Ex. C45F, pages 2-15, and Ex. C44F,

9    pages 1-7 and 9-17).

10        Second, most of the new evidence does not relate to the relevant period and,

11   therefore, does not undermine the ALJ's decision.  In support of his contention that

12   he is much more limited due to a shoulder impairment than determined by the ALJ,

13   Plaintiff cites to records related to a shoulder surgery that took place in June of

14   2013, two months after the ALJ rendered the adverse decision.  ECF No. 24 at 3-7.

15        Finally, the fourteen pages[1] that relate to the relevant period fail to establish

16   or indicate greater functional limitations than those found by the ALJ.  Here,

17   Plaintiff alleged severe shoulder impairments.  The ALJ found at step two that

18   Plaintiff suffers from degenerative joint disease of the shoulders, a severe

19   _____

20   [1] These include Tr. 981- 86, 1038-1042, and 1066-1069.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 26

impairment.  Tr. 37.  Although the new evidence noted various diagnoses, there is nothing in the new evidence suggesting that Plaintiff had greater functional limitations than those found by the ALJ, and would therefore not change the disability determination.  At most, the new evidence suggests limitations relating to Plaintiff's shoulder surgery, but these were expected to last no more than three months.  *See, e.g.,* Tr. 996 (indicating Plaintiff will be off of work for three months following surgery, dated July 12, 2013).  Limitations not expected to last twelve months are not disabling as defined by the Act.  And, by August 12, 2013, treatment records show no pain reported, no problems with gait or balance seen and depression screening is negative.  Tr. 993.  These additional records may be relevant to a new application, but they do not show that Plaintiff suffered greater limitations than those assessed by the ALJ in his decision for the relevant period of alleged disability.

The Court finds that the new evidence, on the record presented here, does not undermine the ALJ's decision such that remand under 42 U.S.C. § 405(g) would be required.  Materiality has not been established.  Plaintiff is unable to show a reasonable likelihood that the result would be different even if the ALJ had been able to consider this evidence.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 27

1  **D.    Step Five Determination**

2      Finally, Plaintiff alleges that the ALJ's step five determination is not

3  supported by substantial evidence.  ECF No. 24 at 18-19.  Plaintiff contends

4  "based on the ALJ's foregoing errors in developing the record, determining

5  Plaintiff's RFC, and in assessing his credibility, the Step 5 finding cannot be

6  supported by substantial evidence."  *Id.*  Plaintiff cites two limitations that he

7  alleges the ALJ should have included in his hypothetical question to the vocational

8  expert: Plaintiff (1) would miss more than one to one-and-a-half days of work a

9  month; and (2) would be off task 10 percent or more of a work day, both of which

10 would preclude unskilled work or work in a competitive environment.  ECF No. 24

11 at 19 (citing testimony at Tr. 95, 97).

12      During the hearing, upon questioning by Plaintiff's counsel, the vocational

13 expert answered:  "I don't think unskilled workers could miss more than one to

14 one-and-a-half days a month and still maintain employment."  Tr. 95.  The ALJ's

15 hypothetical must be based on medical assumptions supported by substantial

16 evidence in the record which reflect all of a claimant's limitations.  *Osenbrook v.*

17 *Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).  The ALJ is not bound to accept as true

18 the restrictions presented in a hypothetical question propounded by a claimant's

19 counsel.  *Id*. at 1164; *Magallenes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989);

20 *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986).  The ALJ is free to accept

1  or reject these restrictions as long as they are supported by substantial evidence,

2  even when there is conflicting medical evidence. *Magallenes*, 881 F.2d at 756-57.

3  The ALJ was not required to include this limitation as it was based on Plaintiff's

4  own properly discredited statements.

5      Counsel subsequently asked the vocational expert if a person were "off task"

6  up to 10 to 15 percent of the time, would that change any of the expert's answers to

7  the hypotheticals.  The VE responded that being off task "10 percent or more of

8  day" would not likely be tolerated in a competitive environment.  Tr. 97.  Counsel

9  appeared to derive this limitation from Dr. Mabee's assessment in October of

10  2009.  Dr. Mabee opined Plaintiff suffered a "marked limitation in the ability to

11  respond appropriately to and tolerate the pressures and expectations of a normal

12  work setting."  *Cf.* Tr. 97 *with* Tr. 452.  As discussed *supra*, the ALJ was not

13  required to credit and include Dr. Mabee's limitation of being "off task" because it

14  was rendered several years before onset in 2012, rendered prior to a period when

15  Plaintiff worked at substantially gainful levels, and precluded from consideration

16  by *res judicata* because a prior decision found that Plaintiff was not disabled

17  through 2010.

18      Plaintiff alleges the ALJ should have weighed the evidence differently, but

19  the ALJ is responsible for reviewing the evidence and resolving conflicts or

20  ambiguities in testimony.  *Magallanes*, 881 F.2d at 751.  It is the role of the trier of

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 29

fact, not this court, to resolve conflicts in evidence. *Richardson v. Perales*, 402 U.S. 389, 400 (1971). If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment, ECF No. 24, is **DENIED.**

2. Defendant's motion for summary judgment, ECF No. 32, is **GRANTED.**

The District Court Executive is directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and CLOSE the file.

DATED this 19th day of September, 2016.

*S/ Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 30